**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| THE ESTATE OF ISABELLA "BELLA" HERNDON, *et al.*,<br>*Plaintiffs-Appellants*,<br>v.<br>NETFLIX INC.,<br>*Defendant-Appellee*. | Civil Appeal No. 25-7760 |

**MOTION FOR LEAVE TO EXCEED THE TYPE-VOLUME LIMITATIONS FOR APPELLANTS' OPENING BRIEF**

Pursuant to Ninth Circuit Rule 32-2(a), Plaintiffs-Appellants hereby move and respectfully request leave to extend the permissible length of their Opening Brief to 18,079 words (or 4,079 extra words).

This is a wrongful-death case in which a 15-year-old girl (Bella Herndon) died as a result of Defendant's tortious acts. Sadly, the harm to Bella was foreseen. Defendant targeted her and other vulnerable children despite receiving express warnings from its own expert that doing so would cause harm and even death to children. Additional wordcount is needed to address the issues on appeal fully. This is the rare case in which leave to file an oversize brief should be granted. Not only are the legal and factual issues complex, the case also has been up to United States Supreme Court and then remanded back to the District Court for consideration under intervening law.

Under Ninth Circuit Rule 32-2(a), this Court grants motions to exceed the wordcounts only upon a showing of diligence and extraordinary and compelling need. To meet this standard, "counsel must show that the additional space is justified by something unusual about the issues presented, the record, the applicable caselaw or some other aspect of the case." U.S. v. Molina-Tarazon, 285 F.3d 807, 808 (9th Cir. 2002). This appeal fits the bill.

*First*, there are complex and novel questions about the District Court's assertion of subject-matter jurisdiction over the case. Appellants amended their complaint after Defendant removed the case from state court to include class defintions. Under then-governing Circuit law, the District Court analyzed jurisdiction looking at the original complaint, not the amended complaint. But the Supreme Court then issued Royal Canin, U.S.A., Inc., v. Wullschleger, 604 U.S. 22, 30 (2025), in which the Court explained that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says."

The Supreme Court vacated the judgment in this case and remanded for further consideration in light of Royal Canin. The District Court determined that Royal Canin applied to the instant case but then simply rested upon its "prior analysis" without meaningfully addressing how the amended complaint and its class definitions affected jurisdiction.

To show that the District Court erred in its assertion of subject-matter jurisdiction, Plaintiff-Appellants need to address the implications of the Royal Canin on the case, what the District Court decided below, and recent decisions of this Court explaining the impact of Royal Canin on certain precedents on which the District Court relied. These include important questions going to the fundamentals of federal jurisdiction.

*Second*, the issues on appeal require significant space to explain the technological processes at play to meaningfully discuss how the facts and law interact with them. The high degree of technological novelty in this appeal weighs in favor of additional briefing space.

*Third*, there are serious questions as to whether Article III's injury-in-fact requirement is met. At common law death was not a cognizable injury. Defendant, as the party invoking Article III jurisdiction, bears the burden of demonstrating that it is present here. Defendant must show not only that the named parties have suffered an injury-in-fact (as opposed to being one step removed from the decedent Bella Herndon) but that all class members have suffered an injury-in-fact. The District Court did not undertake this analysis and Defendant has not made any serious showing to support Article III jurisdiction. The District Court's failure to address it also militates in favor of more words – because the issue must be explained in more detail given that there was no decision on the issue below.

*Fourth*, this appeal requires resolution of a complicated wrongful-death question. This question is highly complex and involves explaining common-law precedents going back for over a century on common-law canons of descent. Again, counsel have tried to do this succinctly, but the sheer complexity, important, and volume requires more wordcount.

*Fifth*, Plaintiff-Appellants must analyze the tolling of claims for minors to address the District Court's ruling that certain of their claims are untimely. But because there is little direct authority on this issue, Plaintiff-Appellants must develop their arguments based on a wealth of ancillary authority and statutory interpretation.

*Sixth*, Plaintiff-Appellants require additional space to show that the District Court's ruling that their strict-liability claims fail was in error and address the relatively new and emerging question of whether California law recognizes software products under products liability. Plaintiff-Appellants require space to show that software and algorithms may, indeed, be products under California law. The District Court misconstrued this claim and strict liability claims lie against Netflix's algorithm.

*Seventh*, Plaintiff-Appellants must address the District Court's ruling that Defendant did not owe them a duty under negligence law. This requires discussion of the policy consideration courts use in determining whether a duty is owed.

This also requires discussion of whether the duty is premised upon a special relationship between the parties, an ordinary duty of care, or a statutory duty.

All of these issues must be raised here. In fact, they must be fully and robustly raised in this Opening Brief. See, e.g., Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); United States v. George, 291 F. App'x 803, 805 (9th Cir. 2008). This Court doesn't like to entertain and review arguments on appeal that are "skeletal"—properly placing the onus on the parties to fully and robustly brief any issue they wish considered. See, e.g., Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994). But that means that the Parties must have the room to raise and fully and adequately brief each issue.

Here, the stakes for Plaintiff-Appellants could scarcely be higher. They lost their loved one due to callous disregard of a retained expert's dire warnings that certain actions, taken without precaution, would harm vulnerable children. Yet no actions were taken and many children died.

Ordinarily, a principal brief may contain up to 14,000 words. 9th Cir. R. 32-1(a). This ordinary type-volume limitation is a default rule appropriate "for all but the rare cases with lengthy trials, complex administrative records, or **multiple complex issues**." See Vermillion v. Corizon Health, Inc., 906 F.3d 696, 697 (7th Cir. 2018).

This is that rare type of case. It's a complex case where the procedural history, facts and novel issues require additional room for development and explanation. See FRAP 28.1 Comm. Notes on Rules — 2016 Amendment ("In a complex case, a party may need to file a brief that exceeds the type-volume limitations specified in these rules, such as to include unusually voluminous information explaining relevant background or legal provisions or to respond to multiple briefs by opposing parties or amici."); FRAP 32 Comm. Notes on Rules—2016 Amendment (same).

Not only is this Court empowered to grant leave for a longer brief, see FRAP 2, the rule drafters established the 14,000-word limit with the expectation that leave *would* be granted in a complex case like this one.

The Rules Committee "expect[ed] that courts will accommodate those situations [like this one] by granting leave to exceed the type-volume limitations as appropriate." See FRAP 28.1 Comm. Notes on Rules – 2016 Amendment; see also FRAP 32 Comm. Notes on Rules—2016 Amendment (same).

Plaintiff-Appellants ask for more words mindful of their obligation to be concise and to prioritize the best issues for review. The undersigned believe that appellate briefs should "emphasize the muscle of your brief and cut out the flab." Suntharalinkam v. Gonzales, 488 F.3d 1121, 1122 (9th Cir. 2007) (KOZINSKI, J., dissenting).

Yet, the undersigned simply need more words "in light of the complexity of this matter." See In re Antrobus, 563 F.3d 1092, 1096 (10th Cir. 2009). The undersigned have made good-faith efforts to make the issues fit 14,000 words. They simply don't.

There are appeals where the appellate court has granted significantly more words than those requested here. E.g., Lewis v. Davis, 2019 U.S. App. LEXIS 22803, *1-2 (9th Cir. July 30, 2019) (permitting 28,000 words—or double the 14,000 permitted by the rules); Smith v. Ryan, 2019 U.S. App. LEXIS 26607, *1-2 (9th Cir. Sept. 3, 2019) (same).

Likewise, for an appeal in a complex case involving a lengthy trial, the Seventh Circuit permitted a brief of extensive length even though "many of the arguments in the briefs are weak, and others appear to be padded." United States v. Torres, 170 F.3d 749, 751 (7th Cir. 1999).

That's not the case here.

Finally, even where the courts have denied requests for longer briefs, they have often granted at least some additional words to attorneys facing difficult choices about which issues to abandon. E.g., Collegesource, Inc. v. Academyone, Inc., 2015 U.S. Dist. LEXIS 128790, *56 (S.D. Cal. Sept. 24, 2015) (noting Third Circuit had denied a "motion as presented" but nonetheless granted additional words).

In good faith, the undersigned respectfully request 18,079—or a lesser amount the Honorable Court will permit of the Opening Brief—to clarify the issues and to fairly present their clients' case in a manner that will help ensure this Court is fully apprised. This appeal is so complex that it amounts to almost three appeals in one. There's an appeal on jurisdiction, an appeal on complex procedural / wrongful-death issues, and an appeal on duty-of-care and strict-products-liability questions.

Date: January 3, 2023

Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew.B.Grimm@Gmail.com

Ryan Hamilton
HAMILTON LAW
5125 S. Durango Drive
Las Vegas, NV 89113
(702) 818-1818
Ryan@Hamlegal.com

*Attorneys for Appellants*

## 9TH CIR. RULE 32-2(a) DECLARATION OF COUNSEL

I, Andrew Grimm, a counsel for Plaintiff-Appellants the Estate of Isabella "Bella" Herndon, John Herndon, J.H., a minor, and T.H., a minor, hereby declare and attest to the following in support of Motion For Leave to Exceed the Type-Volume Limitations for the Opening Brief of Appellants:

(1) *Diligence*: I believe I have been diligent in the prosecution of this extraordinarily complex case and diligent given the issues discussed in the prior extensions, among others.

(2) *Need for Additional Briefing Space*: Despite my good-faith efforts the 14,000-word limit for a default brief does not provide sufficient space for Appellants to address the issues they feel compelled raise in this appeal. This appeal involves numerous novel and complicated legal issues of extraordinary significance beyond the parties to this case

Appellants must raise nearly ten issues. These issues include complex questions of class-action jurisdiction, the standing of the sibling to sue under California's wrongful-death statute, the tolling of the statute of limitations for a minor decedent, the viability of strict product liability claims against companies that employ algorithmic targeting, the existence of a duty for Appellants' negligence-based claims.

Further, Appellants must discuss the contours of the Class Action Fairness Act, California's wrongful-death act, policy considerations underlying the existence of a duty in negligence, the applicability of products liability to algorithms, and tolling of minor claims. Each of these arguments requires adequate briefing space. To fully and robustly raise each of these arguments requires space beyond the 14,000 word limit.

The stakes for Plaintiff-Appellants could scarcely be higher. They lost their loved one due to callous disregard of a retained expert's own dire warnings that certain actions would harm children—and did.

I hereby declare that the above statements that I made in this Declaration are true to the best of my knowledge and belief, and that I understand that these statements are made for use in a court proceeding and are subject to penalty for perjury.

Date: August 31, 2026

Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm

## CERTIFICATE OF COMPLIANCE

This filing contains **2,024** words (including declaration).

This filing was prepared in Microsoft Word using Times New Roman 14-point font.

Date: August 31, 2026

Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using ACMS.

Date: August 31, 2026

Respectfully submitted,

*/s/ Andrew Grimm*

Andrew Grimm